UNIVERSAL AVIONICS SYSTEMS CORPORATION, an Arizona corporation, Plaintiff–counter–defendant–Appellant,

v.

ROCKWELL INTERNATIONAL CORPORATION, a Delaware corporation; Rockwell Collins, Inc., a Delaware corporation, Defendants–counter–claimants–Appellees.

No. 01–16494.

D.C. No. CV–97–00028–ACM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 6, 2002.

---

** The Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Universal Avionics Systems Corporation ("Universal Avionics") appeals the district court's order granting summary judgment in favor of defendants (collectively "Rockwell Collins"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. We review a grant of summary judgment *de novo*. *See Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). We review a district court's rulings concerning discovery for an abuse of discretion. *Panatronic USA v. AT & T Corp.*, 287 F.3d 840, 846 (9th Cir.2002). We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.1994).

### I

■ A definition of a relevant market is necessary in order to assess an alleged violation of § 2 of the Sherman Act. *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1300 (9th Cir. 1982). The district court did not abuse its discretion by holding Universal Avionics to its admission and blanket denial of the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

characterization of the relevant market when Universal Avionics had not followed its duty under Fed.R.Civ.P. 36 to qualify or explain the denial. *See IT & T v. GTE Corp.*, 518 F.2d 913, 934 (9th Cir.1975) (finding that judicial admissions were binding on the party later urging a different relevant market). In addition, as the district court properly noted, Universal Avionics posited a number of different, and inconsistent, theories as to the relevant market for antitrust analysis purposes. Given Universal Avionics' responses to the Request for Admissions and its other inconsistent representations made during the course of the litigation, the district court did not err in granting summary judgment on Universal Avionics' Sherman Act § 2 claims for attempted monopolization for failure to adequately define a relevant market.

## II

■ The district court also properly granted summary judgment on Universal Avionics' claim that Rockwell Collins violated § 1 of the Sherman Act. It is essential to a § 1 tying case that the sale of the tying product be conditioned on the sale of the tied product. *See N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 5–6, 78 S.Ct. 514, 2 L.Ed.2d 545 (1958) ("[A] tying arrangement may be defined as an agreement by a party to sell one product but only on the condition that the buyer also purchases a different (or tied) product, or at least agrees that he will not purchase that product from any other supplier."). The seller must threaten to withhold the tying product unless the customer purchases the tied product. *Moore v. Jas. H. Matthews & Co.*, 550 F.2d 1207, 1211 (9th Cir.1977). Universal Avionics did not tender any evidence that Rockwell Collins conditioned the sale of its flight control system on purchase of its flight management system. Therefore, Universal Avionics failed to raise a genuine issue of mate-

rial fact as to whether Rockwell Collins had violated § 1 of the Sherman Act, and summary judgment was appropriate.

## III

■ The district court did not abuse its discretion in denying Universal Avionics' motion for leave to amend its complaint to assert a claim of actual monopolization under § 2 of the Sherman Act. The district court correctly determined that amendment after years of litigation, and following Rockwell Collins' motion for summary judgment, would unfairly prejudice Rockwell Collins and would be futile given that Universal Avionics had failed to adequately define the relevant market.

AFFIRMED.